LTG

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - X<br><br>UNITED STATES OF AMERICA<br><br>- against -<br><br>DASHAWN CASTON,<br>   also known as "D-Dot,"<br><br>               Defendant.<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - - - X | **TO BE FILED UNDER SEAL**<br><br>**AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT**<br><br>Case No. 20-MJ- 1027<br><br>(18 U.S.C. § 922(g)(1)) |

EASTERN DISTRICT OF NEW YORK, SS:

DIANNA OGLIO, being duly sworn, deposes and states that she is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

On or about October 4, 2020, within the Eastern District of New York, the defendant DASHAWN CASTON, knowing that he had been previously convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce ammunition, to wit: .357 caliber ammunition.

(Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for her belief are as follows:[1]

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been involved in the investigation of cases involving the recovery of firearms and ammunition. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record and surveillance camera footage; and from reports of other law enforcement officers involved in the investigation. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. On or about October 4, 2020, an individual wearing blue sweatpants, a blue jacket and a black hooded sweatshirt over a white tee-shirt, a baseball hat, a gold chain and blue and white sneakers was captured on video surveillance outside of the Tompkins Housing Development aiming a gun at and shooting at John Doe, an individual whose identity is known to law enforcement. The shooter fired the gun multiple times, striking John Doe. A full frontal view of the shooter's face is captured on video surveillance inside of the Tompkins Housing Development immediately prior to the shooting. Shortly after the shooting, four .357 Caliber shell casings were recovered by NYPD officers at the scene.

3. Then, on or about October 5, 2020, a police officer familiar with the defendant DASHAWN CASTON from a previous arrest and interview, viewed the video surveillance footage and recognized and identified defendant CASTON as the shooter.

4. It was also determined that defendant DASHAWN CASTON was currently on NYS Divison of Parole supervision. Thus, on October 15, 2020, the video footage was shown to the defendant CASTON'S parole officer. After viewing the video footage of the shooting, the parole officer also positively identified defendant CASTON.

5. A review of the defendant DASHAWN CASTON'S criminal history reveals defendant CASTON has two prior felony convictions; one as a result of a guilty plea to attempted criminal sale of a controlled substance in the 3rd degree from October 20, 2006 and a second felony conviction as a result of a guilty plea to criminal possession of a loaded firearm from September 13, 2012. After the 2012 conviction, defendant CASTON was sentenced to 78 months imprisonment, was released on January 11, 2017, violated parole and was sent back to prison on February 28, 2020, and was ultimately released on June 16, 2020, four months before the instant offense.

6. I have conferred with a Nexus expert, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), who has informed me, in substance and in part, that the recovered shell casings were manufactured outside the state of New York.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant DASHAWN CASTON so that he may be dealt with according to law. We respectfully request that this matter be placed under seal as public filing may compromise on this on-going investigation.

DIANNA OGLIO
Special Agent
United States Department of Homeland Security,
Homeland Security Investigations

Sworn to before me this
27th day of October, 2020, by telephone

THE HONORABLE PEGGY KUO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK